# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLEETA RARD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-09-262-SPS |

## OPINION AND ORDER

The claimant Fleeta Rard requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security

regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: 1) whether the decision was supported by substantial evidence, and 2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 3, 1971, and was thirty-six (36) years old at the time of the applicable administrative hearing. She did not complete high school but has a GED (Tr. 28). The claimant has no past relevant work and alleges she has been unable to work since June 7, 2003 due to back pain, depression, slurred speech, lack of coordination, fainting spells, and muscle spasms (Tr. 75).

## Procedural History

On September 25, 2003, the claimant applied for supplemental security income ("SSI") payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ Michael Kirkpatrick conducted an administrative hearing and determined that the claimant was not disabled in a written decision dated July 27, 2005 (Tr. 14-29). The Appeals Council denied review, but this Court reversed on appeal in Case No. CIV-06-01-JHP-SPS and remanded the case for further proceedings (Tr. 357-65).[2] A second administrative hearing resulted in another denial of benefits on August 28, 2008. (Tr. 340-54). The Appeals Council again denied review, so the ALJ's August 28, 2008 opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

---

[2] The claimant filed a separate Title XVI application on August 24, 2007, which resulted in an administrative determination that the claimant was disabled as of August 1, 2007. Thus, the issue in this case is whether the claimant was disabled prior to August 1, 2007 (Tr. 370-71).

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, she could lifting 10 pounds frequently and 20 pounds occasionally, but she could stoop only occasionally and was limited performing only simple, routine tasks (Tr. 349). The ALJ concluded that the claimant had no past relevant work, she was nevertheless not disabled because there were jobs in the national economy that she could perform, *i. e.*, motel housekeeper, sewing machine operator, and ticket taker (Tr. 354).

**Review**

The claimant contends that the ALJ erred: (i) by giving no weight to the "other source" opinions of Ms. Loydena Beck and Ms. Sarah Maple based on a lack of clinical findings or treatment notes, and (ii) by failing to re-contact Ms. Beck and Ms. Maple for clarification before rejecting their opinions. These contentions are unpersuasive for the following reasons.

The claimant received treatment at Counseling Center of S.E. Oklahoma ("CCSEO") from Ms. Beck, MS, under supervision for LPC. Ms. Beck supplied a February 15, 2005 "Medical Source Statement" (MSS), a checklist for rating the claimant's mental impairments. The MSS indicated that the claimant had marked limitations in understanding and memory, sustained concentration and persistence, and adaptation, and moderate limitations in her abilities to carry out any instructions and to engage in social interactions. (Tr. 283-84). Ms. Beck provided no additional remarks or documentation as to the limitations noted on the checklist.

4

In addition, Ms. Maple, LPC, submitted three letters—dated August 4, 2004; October 14, 2004; and February 1, 2005—on behalf of CCSEO. (Tr. 260-63, 281-82). Ms. Maple's letters indicated that the claimant had visited the agency to obtain a "substance abuse assessment for TANF [Temporary Assistance for Needy Families] purposes"; that the claimant had "several" therapy sessions with Ms. Beck for treatment issues including "elevating mood and confidence in self, improving relationships through communication and social skills, decreasing negative behaviors, and increasing desire to be more productive in home and with family"; and that the claimant's Global Assessment of Functioning ("GAF") score was 57. (Tr. 260-62, 281-82).

The opinions expressed by Ms. Beck and Ms. Maple regarding the functional limitations were properly characterized by the ALJ as "other source" evidence. *See* 20 C.F.R. § 416.913(d) ("Other sources include, but are not limited to . . . therapists."). S*ee also Holcomb v. Astrue*, 389 Fed. Appx. 757, 759 n.2 (10th Cir. July 22, 2010) (assuming without deciding that licensed professional counselors can also be considered "other sources"). Social Security Ruling 06-03p states that "the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p at *6.

The relevant factors for evaluating opinion evidence from other sources are: 1) the length of the relationship and frequency of contact, 2) whether the opinion is consistent with other evidence, 3) the extent the source provides relevant supporting

evidence, 4) how well the source's opinion is explained, 5) whether the claimant's impairment is related to a source's specialty or area of expertise, and 6) any other supporting or refuting factors.  *See* SSR 06-03p at *4-5; 20 C.F.R. § 404.1527(d).  *See also Anderson v. Astrue*, 319 Fed. Appx. 712, 718 ("Although the ALJ's decision need not include an *explicit discussion* of each factor, the record must reflect that the ALJ *considered* every factor in the weight calculation.").  The ALJ noted that the claimant had visited CCSEO "several times" between July 2003 and February 2005; that neither Ms. Maple nor Ms. Beck had provided any supporting documentation, treatment notes, or explanation for their assessments of the claimant; that their area of expertise related to welfare benefits, rather than the claimant's impairments; and that Ms. Maple had prepared the letters on behalf of CCSEO, but had not personally treated the claimant.  (Tr. 348-49).  The ALJ also specifically noted that Ms. Beck had not provided any "<u>clinical</u> signs" or reports from other sources in support of the claimant's complaints.  As a result, the ALJ "decline[d] to give any weight" to the "other source" opinion evidence from Ms. Beck and Ms Maple  (Tr. 349).

     The claimant argues that Ms. Maple and Ms. Beck provided no objective findings because a psychological opinion is based on "subjective complaints" rather than objective tests such as an MRI, and that the ALJ was required to re-contact Ms. Maple and Ms. Beck in any event to explain any incomplete or ambiguous record.  *See* 20 C.F.R. § 416.912(e) ("When the evidence from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.").  *See also Maes v. Astrue*,

522 F.3d 1093, 1097 (10th Cir. 2008) ("[T]he ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled."). The ALJ did not, however, reject the "other source" evidence because it was incomplete or ambiguous, but instead it was unsupported by the medical evidence in the record. Under the circumstances, there was no duty to re-contact the "other sources." *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) ("[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty); *see also Maes v. Astrue*, 522 F.3d 1093, 1097-98 (10th Cir. 2008) ("[T]he ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled.") The Court therefore finds no error on the ALJ's part.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby AFFIRMED.

**DATED** this 25th day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma